# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| H. WAYNE MEACHUM, § | |
| Plaintiff, § | |
| v. § | No. 3:16-CV-3045-G |
| BANK OF NEW YORK MELLON § | |
| TRUST CO., N.A., § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is the Bank of New York Mellon Trust Company, N.A.'s ("Defendant") Motion for Default Judgment Against Counter-Defendant H. Wayne Meachum [ECF No. 11] ("Motion for Default Judgment"). Upon consideration, the undersigned recommends that the District Court **DENY without prejudice** Defendant's Motion for Default Judgment [ECF No. 11].

## BACKGROUND

Plaintiff H. Wayne Meachum ("Plaintiff") purchased the Oak Cliff home that is the subject of this litigation (the "Property") in 1976. In 2004, Plaintiff refinanced his mortgage with a home equity loan (the "Loan") from Homecomings Financial Network, Inc. ("HFN"). In connection with the Loan, Plaintiff executed a promissory Note (the "Note") in the amount of $246,000 in favor of HFN and a Texas Home Equity Security Instrument (the "Deed of Trust") securing the Note. The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary and nominee for HFN. MERS assigned the Note and Deed of Trust to JPMorgan Chase Bank ("JPMC"), as Trustee, which, in turn, assigned the Note and Deed of Trust to Defendant. Plaintiff defaulted on the Loan in 2005. On November 17, 2005, Plaintiff's loan servicer sent him

a notice of default and intent to accelerate. Two months later, on January 17, 2006, the Note holder accelerated the balance due on the Loan (the "2006 Acceleration"), and MERS filed an Application for an order allowing foreclosure pursuant to Texas Rule of Civil Procedure 736.

JPMC filed another Rule 736 Application in May 2006 (the "2006 Foreclosure Action"). The state court granted JPMC's Application on September 26, 2006. Plaintiff then embarked on a lengthy campaign to prevent the foreclosure of the Property. Plaintiff filed a state court lawsuit (the "2006 Lawsuit") seeking a declaratory judgment that JPMC and HFN did not have the right to foreclose on the Property due to deficiencies in the Note and Deed of Trust and because certain provisions of the Deed of Trust violated the Texas Constitution. In November 2007, the state court granted JPMC and HFN's motion for summary judgment and dismissed with prejudice all of Plaintiff's claims and causes of action. Plaintiff filed a motion for new trial, and, when the state court denied his motion, he appealed. Plaintiff later filed a suggestion of bankruptcy, and the state court abated Plaintiff's appeal from April 25, 2008 to August 18, 2009. The court of appeals ultimately affirmed the trial court judgment on February 11, 2011. Plaintiff filed a motion for rehearing, which was denied, and also attempted to appeal to the Texas Supreme Court. When the Supreme Court denied his petition for review, Plaintiff filed a motion for rehearing, which was denied on January 6, 2012.

While the appeal of the 2006 Lawsuit was pending, Defendant and its mortgage servicer initiated other actions to enforce the Note and Deed of Trust. For example, the servicer sent new notices of default and/or notices of acceleration to Plaintiff in 2008 and 2009, and Defendant filed at least two new Rule 736 Applications. Plaintiff filed new state court lawsuits in response to each of Defendant's Rule 736 Applications. On November 1, 2012, Defendant sent Plaintiff a notice of rescission which advised that it had rescinded the acceleration of the debt that occurred in 2009.

2

Defendant then sent another notice of default on November 7, 2012 and a notice of acceleration on December 28, 2012. Defendant also filed another Rule 736 Application on March 18, 2013.

Plaintiff, proceeding *pro se*, filed a lawsuit on May 28, 2013, which was removed to this Court and assigned Case No. 3:13-CV-2322-N (BF) ("2013 Lawsuit"). Plaintiff subsequently obtained counsel and filed an amended complaint in which he alleged that Defendant did not acquire the Note and Deed of Trust in compliance with the terms of the Pooling and Service Agreement ("PSA") that govern the trust which holds the Loan, and as a result, the assignment of the Note to the trust is allegedly void, and Defendant and had no right to invoke the power of sale under the Deed of Trust. Plaintiff also alleged that the Note was first accelerated more than four years ago and Defendant was barred by the applicable statute of limitations from foreclosing on the Property. Plaintiff sought (1) a declaratory judgment that Defendant may not foreclose on the Property, (2) title to the Property free and clear of Defendant's lien, and (3) attorney's fees. On February 20, 2015, the Court granted Defendant's summary judgment motion and found that Defendant's right to foreclose was not barred by the statute of limitations. On March 23, 2015, Plaintiff filed an appeal with the Fifth Circuit. On January 11, 2016, the Fifth Circuit affirmed the District Court's judgment.

On May 20, 2016, Defendant filed another Rule 736 Application for Foreclosure in the 298th Judicial District Court for Dallas County, Texas (Cause No. 16-6158). On August 19, 2016, Defendant obtained an order for foreclosure. On September 29, 2016, Plaintiff filed a lawsuit in the 298th Judicial District Court for Dallas County, Texas (Cause No. 16-12810) in an attempt to delay the foreclosure. Similar to the 2013 Lawsuit, Plaintiff asserts that Defendant's mortgage lien is void and that foreclosure is barred by Texas's four-year statute of limitations. Defendant removed the case to this Court on October 31, 2016 ("2016 Lawsuit"). On the date of removal, Defendant filed its

3

Answer and Counterclaim. On December 9, 2016, Defendant filed its Motion for Default Judgment arguing that a default judgment should be entered because Plaintiff failed to respond to Defendant's counterclaim.

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 55 (b)(2) governs the entry of default judgments by courts. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available where the movant demonstrates the following: (1) the defendant was served and default was entered because of the defendant's failure to appear; (2) the defendant is not a minor or an incompetent person; (3) the defendant is not in the military or subject to the Soldiers and Sailors Relief Act of 1940; and (4) if the defendant appeared in the case, the defendant was provided with notice of the default judgment application at least three days before the hearing. *Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) (citing 50 U.S.C. § 3931; FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006)); *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M (BN), 2016 WL 2856006, at *2 (N.D. Tex. Apr. 18, 2016) (citing *Arch Ins. Co.*, 2013 WL 145502, at *2). In addition, the movant must make a *prima facie* showing of jurisdiction. *See TFHSP, LLC Series 10147*, 2016 WL 2856006, at *2 (citing *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001)).

The Fifth Circuit generally does not favor default judgments. *Arch Ins. Co.*, 2013 WL 145502, at *2 (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). However, this position is "counterbalanced by considerations of social goals, justice, and

4

expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936. In determining whether or not to enter a default judgment, district courts consider the following: (1) material issues of fact at issue; (2) substantial prejudice; (3) clearly established grounds for default; (4) excusable neglect or good faith mistake; (5) harshness of a default judgment; and (6) whether the court would set aside the default judgment upon motion. *See id.* at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court should resolve any doubts as to the propriety of a default judgment in favor of the defendant. *See id.*

"'A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). A defendant is not required to admit conclusions of law or facts that are not well-pleaded. *See id.* (quoting *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206). Rule 8(a)(2) "requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Wooten*, 788 F.3d at 498 (internal quotation marks and citation omitted). However, "[t]he factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks and citation omitted).

The Local Rules for the Northern District of Texas require that motions that are not specifically listed in Rule 7.1(h) "be accompanied by a brief that sets forth the moving party's contentions of fact and/or law and argument and authorities[.]" Local Rule 7.1(d) & (h). Furthermore, a "party who relies on materials-including depositions, documents, electronically stored

information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials-to support or oppose a motion must include the materials in an appendix." Local Rule 7.1(i)(1). "The appendix must be assembled as a self-contained document, separate from the motion, response, reply, and brief." Local Rule 7.1(i)(2). Defendant has not filed a brief or an appendix in support of its Motion for Default Judgment. Defendant has filed a declaration of its counsel Philip W. Danaher, but this declaration does not provide an analysis of Defendant's entitlement to a default judgment under the applicable law discussed. Danaher Decl., ECF No. 11-1. In consideration of the foregoing, the undersigned recommends that the District Court deny Defendant's Motion for Default Judgment without prejudice to re-filing the motion accompanied by an appendix that includes all the documents relied upon in the motion and a brief that sets forth the appropriate analysis to assist the Court in determining whether Defendant is entitled to the relief requested.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **DENY without prejudice** Defendant's Motion for Default Judgment [ECF No. 11].

**SO RECOMMENDED**, this 30th day of August, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).