# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| H. WAYNE MEACHUM, | § | |
| Plaintiff, | § | |
| v. | § | No. 3:16-CV-3045-G |
| BANK OF NEW YORK MELLON | § | |
| TRUST CO., N.A., | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is the Bank of New York Mellon Trust Company, N.A.'s ("Defendant") Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 [ECF No. 15] ("Motion for Sanctions"). Upon consideration, the undersigned recommends that the District Court **DENY without prejudice** Defendant's Motion for Sanctions [ECF No. 15].

## BACKGROUND

Plaintiff H. Wayne Meachum ("Plaintiff") purchased the Oak Cliff home that is the subject of this litigation (the "Property") in 1976. In 2004, Plaintiff refinanced his mortgage with a home equity loan (the "Loan") from Homecomings Financial Network, Inc. ("HFN"). In connection with the Loan, Plaintiff executed a promissory Note (the "Note") in the amount of $246,000 in favor of HFN and a Texas Home Equity Security Instrument (the "Deed of Trust") securing the Note. The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary and nominee for HFN. MERS assigned the Note and Deed of Trust to JPMorgan Chase Bank ("JPMC"), as Trustee, which, in turn, assigned the Note and Deed of Trust to Defendant. Plaintiff defaulted on the Loan in 2005. On November 17, 2005, Plaintiff's loan servicer sent him

a notice of default and intent to accelerate. Two months later, on January 17, 2006, the Note holder accelerated the balance due on the Loan (the "2006 Acceleration"), and MERS filed an Application for an order allowing foreclosure pursuant to Texas Rule of Civil Procedure 736.

JPMC filed another Rule 736 Application in May 2006 (the "2006 Foreclosure Action"). The state court granted JPMC's Application on September 26, 2006. Plaintiff then embarked on a lengthy campaign to prevent the foreclosure of the Property. Plaintiff filed a state court lawsuit (the "2006 Lawsuit") seeking a declaratory judgment that JPMC and HFN did not have the right to foreclose on the Property due to deficiencies in the Note and Deed of Trust and because certain provisions of the Deed of Trust violated the Texas Constitution. In November 2007, the state court granted JPMC and HFN's motion for summary judgment and dismissed with prejudice all of Plaintiff's claims and causes of action. Plaintiff filed a motion for new trial, and, when the state court denied his motion, he appealed. Plaintiff later filed a suggestion of bankruptcy, and the state court abated Plaintiff's appeal from April 25, 2008 to August 18, 2009. The court of appeals ultimately affirmed the trial court judgment on February 11, 2011. Plaintiff filed a motion for rehearing, which was denied, and also attempted to appeal to the Texas Supreme Court. When the Supreme Court denied his petition for review, Plaintiff filed a motion for rehearing, which was denied on January 6, 2012.

While the appeal of the 2006 Lawsuit was pending, Defendant and its mortgage servicer initiated other actions to enforce the Note and Deed of Trust. For example, the servicer sent new notices of default and/or notices of acceleration to Plaintiff in 2008 and 2009, and Defendant filed at least two new Rule 736 Applications. Plaintiff filed new state court lawsuits in response to each of Defendant's Rule 736 Applications. On November 1, 2012, Defendant sent Plaintiff a notice of rescission which advised that it had rescinded the acceleration of the debt that occurred in 2009.

Defendant then sent another notice of default on November 7, 2012 and a notice of acceleration on December 28, 2012. Defendant also filed another Rule 736 Application on March 18, 2013.

Plaintiff, proceeding *pro se*, filed a lawsuit on May 28, 2013, which was removed to this Court and assigned Case No. 3:13-CV-2322-N (BF) ("2013 Lawsuit"). Plaintiff subsequently obtained counsel and filed an amended complaint in which he alleged that Defendant did not acquire the Note and Deed of Trust in compliance with the terms of the Pooling and Service Agreement ("PSA") that govern the trust which holds the Loan, and as a result, the assignment of the Note to the trust is allegedly void, and Defendant and had no right to invoke the power of sale under the Deed of Trust. Plaintiff also alleged that the Note was first accelerated more than four years ago and Defendant was barred by the applicable statute of limitations from foreclosing on the Property. Plaintiff sought (1) a declaratory judgment that Defendant may not foreclose on the Property, (2) title to the Property free and clear of Defendant's lien, and (3) attorney's fees. On February 20, 2015, the Court granted Defendant's summary judgment motion and found that Defendant's right to foreclose was not barred by the statute of limitations. On March 23, 2015, Plaintiff filed an appeal with the Fifth Circuit. On January 11, 2016, the Fifth Circuit affirmed the District Court's judgment.

On May 20, 2016, Defendant filed another Rule 736 Application for Foreclosure in the 298th Judicial District Court for Dallas County, Texas (Cause No. 16-6158). On August 19, 2016, Defendant obtained an order for foreclosure. On September 29, 2016, Plaintiff filed a lawsuit in the 298th Judicial District Court for Dallas County, Texas (Cause No. 16-12810) in an attempt to delay the foreclosure. Similar to the 2013 Lawsuit, Plaintiff asserts that Defendant's mortgage lien is void and that foreclosure is barred by Texas's four-year statute of limitations. Defendant removed the case to this Court on October 31, 2016 ("2016 Lawsuit").

**DISCUSSION**

In the Motion for Sanctions, Defendant argues that Plaintiff has filed a series of lawsuits and appeals for the past ten years in an attempt to stop the foreclosure of his mortgage loan. Mot. 1, ECF No. 15. Defendant argues that the same facts and claims at issue in this current lawsuit involving the same parties were litigated in this Court in the 2013 Lawsuit, *Meachum v. Bank of New York Mellon Trust Co., N.A.*, No. 3:13-CV-2322-N (BF). Mot. 2, ECF No. 15. Defendant states that the same relevant facts regarding Plaintiff's mortgage loan, Plaintiff's default on the loan, and Defendant's attempts to foreclose on the loan are set forth in detail in the Court's opinions and the Fifth Circuit's opinion from the 2013 Lawsuit. Mot. 2, ECF No. 15. Defendant argues that the litigation history demonstrates Plaintiff's lack of good faith basis for the present lawsuit and warrants the imposition of Rule 11 sanctions. Mot. 2, ECF No. 15. Plaintiff failed to file a response and the time to do so has passed.

"Rule 11 authorizes a court to impose sanctions on a party who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the expense of litigation." *Sortium USA, LLC v. Hunger*, No. 3:11-CV-1656-M (BN), 2014 WL 1080765, at *2 (N.D. Tex. Mar. 18, 2014) (citing FED. R. CIV. P. 11(b) & (c)). "Sanctions under Rule 11 may be appropriate if the Court finds that a document has been presented for an improper purpose . . . ; the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension or change in existing law . . . ; or the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation[.]" *Id.* (citing FED. R. CIV. P. 11(b)(1), (b)(2), & (b)(3)). "The purpose of the rule is to 'deter baseless filings in district court,'" and also to "'spare innocent parties and overburdened

courts from the filing of frivolous lawsuits[.]'" *Id.* (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Cappa Fund III, LLC v. Actherm Holding, A.S.*, No. 3:10-CV-897-L, 2011 WL 817384, at *2 (N.D. Tex. Feb.21, 2011); *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987)).

"After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions." *Id.* at *3 (citing FED. R. CIV. P. 11(c)(1)). "These may include monetary and injunctive sanctions, . . . and even dismissal[.]" *Id.* (citing *Farguson v. MBank Houston, NA*, 808 F.2d 358, 359-60 (5th Cir. 1986); *Cappa Fund*, 2011 WL 817384, at *2; *Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003)). "Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct." *Id.* (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993); FED. R. CIV. P. 11(c)(4)). "A sanction under Rule 11 is 'an extraordinary remedy, one to be exercised with extreme caution.'" *Id.* (quoting *Laughlin v. Perot*, No. 3:95-CV-2577-R, 1997 WL 135676, at *8 (N.D. T ex. Mar.12, 1997)).

"Under Rule 11, a motion for sanctions may not be filed until at least 21 days after service of the motion on the offending party." *Id.* (citing FED. R. CIV. P. 11(c)(2)). "If, during this period, the alleged violation is withdrawn or appropriately corrected, the motion should not be filed with the court." *Id.* "These provisions are intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to remedy the improper paper, claim, defense, contention, or denial. *Id.* (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)). "The safe-harbor provision is strictly construed, and substantial compliance and informal notice and opportunity to withdraw are not sufficient." *Id.* (citing *Reyes v. Kroger Texas, LP*, No. 3:10-CV-922-B, 2010 WL 4316084, at *4 (N.D. Tex. Oct. 2, 2010); *In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008)). "A Rule 11 motion

for sanctions is properly denied when the movant fails to comply with the safe-harbor provision." *Id.* (citing *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000)). "The movant has the burden to show compliance." *Id.* (citing *Reyes*, 2010 WL 4316084, at *4; *Harris v. Auxilium Pharms., Inc.*, 664 F. Supp. 2d 711, 724 (S.D. Tex. 2009)).

"Rule ll's plain language provides that the movant must file with the Court, after the expiration of the safe-harbor period, the motion that was served upon the adversary." *Id.* (citing *Hyman v. Borack & Assocs.*, No. 8:12-CV-1088-T-23TGW, 2012 WL 6778491, at *2 (M.D. Fla. Dec. 17, 2012). "'The requirement that the actual motion be served was deliberately imposed . . . to ensure that the moving party understands the seriousness of [the] motion and [that it] will define precisely the conduct claimed to violate the rule.'" *Id.* at *4 (quoting *O'Connell*, 2008 WL 477875, at *2); *see also Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) ("[t]he plain language . . . requires a copy of the actual motion for sanctions to be served on the person(s) accused of sanctionable behavior at least twenty-one days prior to the filing of that motion"); *Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1350-51 (S.D. Fla. 2009) ("By its plain language, Rule 11 requires a movant to file and serve the same sanctions motion."); *Wells Fargo Home Mortg., Inc. v. Taylor*, Nos. 04-825 & 04-841, 2004 WL 1771607, at *1 (E.D. La. Aug.5, 2004) ("The Taylors sent a draft of a different motion for sanctions, alleging different grounds for sanctions, to Wells Fargo's counsel on April 7, 2004. That is not sufficient to fulfill the Rule 11 requirements.").

Defendant's Certificate of Conference states that "on December 12, 2016, counsel for the Defendant mailed Plaintiff a copy of this proposed motion via certified U.S. mail, return-receipt requested." Mot. 11, ECF No. 15. However, the undersigned is unable to determine whether Defendant strictly complied with the safe-harbor provision, because Defendant did not submit a copy

6

of the motion provided to Plaintiff and the accompanying proof of service. Therefore, the undersigned recommends that the District Court deny without prejudice Defendant's Motion for Sanctions to re-filing with the information that permits the Court to confirm that Defendant strictly complied with the safe-harbor provision.

### RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **DENY without prejudice** Defendant's Motion for Sanctions [ECF No. 15].

**SO RECOMMENDED**, this 30th day of August, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any

party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).