## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| H. WAYNE MEACHUM, | § | |
| Plaintiff, | § | |
| v. | § | No. 3:16-CV-3045-G |
| BANK OF NEW YORK MELLON | § | |
| TRUST CO., N.A., | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is the Bank of New York Mellon Trust Company, N.A.'s ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 19] ("Motion to Dismiss"). Upon consideration, the undersigned recommends that the District Court **GRANT** Defendant's Motion to Dismiss [ECF No. 19].

## BACKGROUND

Plaintiff H. Wayne Meachum ("Plaintiff") purchased the Oak Cliff home that is the subject of this litigation (the "Property") in 1976. In 2004, Plaintiff refinanced his mortgage with a home equity loan (the "Loan") from Homecomings Financial Network, Inc. ("HFN"). In connection with the Loan, Plaintiff executed a promissory Note (the "Note") in the amount of $246,000 in favor of HFN and a Texas Home Equity Security Instrument (the "Deed of Trust") securing the Note. The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary and nominee for HFN. MERS assigned the Note and Deed of Trust to JPMorgan Chase Bank ("JPMC"), as Trustee, which, in turn, assigned the Note and Deed of Trust to Defendant. Plaintiff defaulted on the Loan in 2005. On November 17, 2005, Plaintiff's loan servicer sent him

a notice of default and intent to accelerate. Two months later, on January 17, 2006, the Note holder accelerated the balance due on the Loan (the "2006 Acceleration"), and MERS filed an Application for an order allowing foreclosure pursuant to Texas Rule of Civil Procedure 736.

JPMC filed another Rule 736 Application in May 2006 (the "2006 Foreclosure Action"). The state court granted JPMC's Application on September 26, 2006. Plaintiff then embarked on a lengthy campaign to prevent the foreclosure of the Property. Plaintiff filed a state court lawsuit (the "2006 Lawsuit") seeking a declaratory judgment that JPMC and HFN did not have the right to foreclose on the Property due to deficiencies in the Note and Deed of Trust and because certain provisions of the Deed of Trust violated the Texas Constitution. In November 2007, the state court granted JPMC and HFN's motion for summary judgment and dismissed with prejudice all of Plaintiff's claims and causes of action. Plaintiff filed a motion for new trial, and, when the state court denied his motion, he appealed. Plaintiff later filed a suggestion of bankruptcy, and the state court abated Plaintiff's appeal from April 25, 2008 to August 18, 2009. The court of appeals ultimately affirmed the trial court judgment on February 11, 2011. Plaintiff filed a motion for rehearing, which was denied, and also attempted to appeal to the Texas Supreme Court. When the Supreme Court denied his petition for review, Plaintiff filed a motion for rehearing, which was denied on January 6, 2012.

While the appeal of the 2006 Lawsuit was pending, Defendant and its mortgage servicer initiated other actions to enforce the Note and Deed of Trust. For example, the servicer sent new notices of default and/or notices of acceleration to Plaintiff in 2008 and 2009, and Defendant filed at least two new Rule 736 Applications. Plaintiff filed new state court lawsuits in response to each of Defendant's Rule 736 Applications. On November 1, 2012, Defendant sent Plaintiff a notice of rescission which advised that it had rescinded the acceleration of the debt that occurred in 2009.

Defendant then sent another notice of default on November 7, 2012 and a notice of acceleration on December 28, 2012. Defendant also filed another Rule 736 Application on March 18, 2013.

Plaintiff, proceeding *pro se*, filed a lawsuit on May 28, 2013, which was removed to this Court and assigned Case No. 3:13-CV-2322-N (BF) ("2013 Lawsuit"). Plaintiff subsequently obtained counsel and filed an amended complaint in which he alleged that Defendant did not acquire the Note and Deed of Trust in compliance with the terms of the Pooling and Service Agreement ("PSA") that govern the trust which holds the Loan, and as a result, the assignment of the Note to the trust is allegedly void, and Defendant and had no right to invoke the power of sale under the Deed of Trust. Plaintiff also alleged that the Note was first accelerated more than four years ago and Defendant was barred by the applicable statute of limitations from foreclosing on the Property. Plaintiff sought (1) a declaratory judgment that Defendant may not foreclose on the Property, (2) title to the Property free and clear of Defendant's lien, and (3) attorney's fees. On February 20, 2015, the Court granted Defendant's summary judgment motion and found that Defendant's right to foreclose was not barred by the statute of limitations. On March 23, 2015, Plaintiff filed an appeal with the Fifth Circuit. On January 11, 2016, the Fifth Circuit affirmed the District Court's judgment.

On May 20, 2016, Defendant filed another Rule 736 Application for Foreclosure in the 298th Judicial District Court for Dallas County, Texas (Cause No. 16-6158). On August 19, 2016, Defendant obtained an order for foreclosure. On September 29, 2016, Plaintiff filed a lawsuit in the 298th Judicial District Court for Dallas County, Texas (Cause No. 16-12810) in an attempt to delay the foreclosure. Similar to the 2013 Lawsuit, Plaintiff asserts that Defendant's mortgage lien is void and that foreclosure is barred by Texas's four-year statute of limitations. Defendant removed the case to this Court on October 31, 2016 ("2016 Lawsuit"). On April 7, 2017, Plaintiff filed his Amended

Complaint. On April 20, 2017, Defendant filed its Motion to Dismiss.

## **DISCUSSION**

Among other arguments, Defendant argues that Plaintiff's claims are barred by the doctrine of *res judicata*. Mot. to Dismiss 7-8, ECF No. 19. "Under the law of this circuit, claim preclusion, or pure *res judicata*, is the venerable legal canon that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) (internal quotation marks and citation omitted). "*Res judicata* applies where (1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." *Id.* (internal quotation marks and citation omitted). *Res judicata* "precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action." *Palmer v. Fed. Home Loan Mortg. Corp.*, No. 4:13-CV-430-A, 2013 WL 2367794, at *2 (N.D. Tex. May 30, 2013) (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 561 (5th Cir. 1983)). A court "may *sua sponte* dismiss an action on *res judicata* grounds when the elements of the defense are apparent on the face of the pleadings." *Kelton v. Deutsche Bank Nat'l Trust Co.*, No. 4:14-CV-991-A, 2014 WL 7175242, at *1 (N.D. Tex. Dec. 16, 2014) (citing *Kansa Reinsurance Co. v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). "In making such a ruling, the court may take judicial notice of the record in a prior related proceeding." *Id.* (citing *Ariz. v. Cal.*, 530 U.S. 392, 412 (2000)).

"A federal court asked to give *res judicata* effect to a state court judgment must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation." *Van*

*Duzer v. U.S. Bank Nat'l Ass'n*, 995 F. Supp. 2d 673, 686 (S.D. Tex. 2014) (citing *E.D. Sys. Corp. v. Sw. Bell Tel. Co.*, 674 F.2d 453, 457 (5th Cir. 1982); *Norris v. Hearst Trust*, 500 F.3d 454, 460-61 (5th Cir. 2007); *Rollins v. Dwyer*, 666 F.2d 141, 144 (5th Cir. 1982)) (internal quotations omitted). "In Texas, *res judicata* precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action." *Id.* (citing *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996); *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992)) (internal quotations and alterations omitted). "The party claiming the defense must prove (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Id.* (citing *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007); *Amstadt*, 919 S.W.2d at 652) (internal quotation marks omitted).

Defendant argues that Plaintiff's claims are barred by *res judicata* because any challenges to Defendant's lien or Defendant's standing to foreclose were adjudicated in the 2013 Lawsuit. Mot. to Dismiss 7, ECF No. 19. Defendant points out that while Plaintiff's Amended Complaint slightly alters his theory for relief, Plaintiff specifically stated in his Motion for Leave to File Amended Complaint that "the new claims do not substantially alter the nature of this litigation, as they still revolve around whether Defendant may invoke the power of sale and foreclosure on Plaintiff's property." *See* Pl.'s Mot. for Leave 2, ECF No. 16; Mot. to Dismiss 7, ECF No. 19; *Millard v. Bank of New York Mellon Trust Co., N.A.*, No. 1:12-CV-1094-SS, 2013 WL 12120415, at *3 (W.D. Tex. Jan. 30, 2013) ("Though the Millards' latest effort to prevent foreclosure has been updated to reflect the legal theory *du jour*, at its core this suit is merely a variation on the theme this Court has already

heard. The same note and deed of trust are at issue, and one of the same parties is attempting to exercise its legal rights under those documents.").

The parties in the 2013 Lawsuit and the present lawsuit are identical. In addition, the judgment in the 2013 Lawsuit was rendered by a court of competent jurisdiction, and the claims in the present lawsuit arise from the same subject matter, the Property, which have already been litigated in the 2013 Lawsuit. Furthermore, the 2013 Lawsuit concluded with a final judgment on the merits which was affirmed by the Fifth Circuit. *See* Final J., ECF No. 32; Fifth Circuit J., ECF No. 35; No. 3:13-CV-2322-N. Therefore, *res judicata* precludes Plaintiff from relitigating in this case the same claims that have already been litigated in the 2013 Lawsuit.[1]

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT** Defendant's Motion to Dismiss [ECF No. 19].

**SO RECOMMENDED**, this 30th day of August, 2017.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

1. Because Plaintiff's Amended Complaint should be dismissed on *res judicata* grounds, the undersigned pretermits consideration of Defendant's remaining arguments for dismissal.

6

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).